ORIGINAL

cJ

United States of America.
Northern District of Texas.

United States of America            Dallas Office.

                                      Latona E. Long

VS.                             Docket No: 4:13-CR-049-Y

Latona E. Long                      Inmate No: 46020177.

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 21 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

MOTION PURSUANT TO 28 U.S.C. SECTION 2255.

     Now Comes Petitioner, Latona. E. Long, Pro Se, with a MOTION under 28 U.S.C. section 2255, to vacate, set aside or correct sentence, by a person in federal custody. Therefore, Petitioner avers the following:

1) United States Court House and Earle Cabell Federal Building 1100 Commerce St, Room 1452; Dallas, Texas 75242 is the court in which the judgment of conviction and subsequent sentence was entered.

2 a) Date of Conviction is June 20, 2013
   b) Date of Sentence is November 12, 2013

3) Petitioner was sentenced to 120 months followed by five (5) years of Supervised Release.

4) Offense Charged 18:2252 (A)(2) Distribution of a Visual Depiction of a Minor engaged in Sexually explicit conduct, a class 'C' Felony.

5) Petitioner pled to same charge as number 4 above.

6) Petitioner did not go to trial.

7) Petitioner did not testify at any time, under oath.

8) Petitioner did not file any motions or appeals.

9) Petitioner claims that there has been a violation of the provisions of the Constitution of th United States sixth (6th) amendment, right to the effective assistance of counsel.

10) Petitioner states that number 9 (nine) above is supported by statements made by counsel during sentencing that were not in Petitioner's best interest. Specifically the statement, "I believe that what the girl did was a sin. There's no excuse for it. I don't think she's a bad person. I'm sorry that such a smart girl did a stupid thing", was not in Petitioner's best interest.

11) Further, Petitioner states that counsel responded to Petitioner's father, but not to her. Counsel was Petitioner's counsel, but made decisions without Petitioner and with Petitioner's father.

12) Petitioner states that counsel and father decided that Petitioner needed to stop stating sexual abuse and recant any previous statements. Such actions were not in the best interests of Petitioner

13) Petitioner states that the claims of numbers 9 (nine) through 12 (twelve) above are further validated by coersion of Petitioner's agreement with counsel and father, by use of harm to father.

14.) Petitioner claims that there has been a violation of the provisions of the United States Constitution's 5th (fifth) Amendments due process clause.

15) Petitioner claims that her right to due process under the U.S. Constitution were violated as Petitioner was coerced in conversations with the prosecution, and/or her counsel, and/or her father that harm would come to Petitioner's father by way of arrest.

16) Petitioner's plea and other actions were not knowingly or voluntarily made due to the use of threat against Petitioner that arrest of her father was imminent.

17) Petitioner states that at no time were either of these claims brought before any federal court, nor heard by any judge.

18) Petitioner is not aware of any motion and/or action pending on this case.

19) Petitioner has used the following attorney:
J. Warren St. John, Esquire
Law Offices of
J. Warren St. John
Fort Worth, TX

20.) Petitioner was sentenced in only one court and on only one indictment.

21) Petitioner has no pending future sentences

22) The motion at hand has been filed within one year and ten (10) days from the date of sentence, therefore, timely filed.

Wherefore, Petitioner asks that this Honorable Court, grant relief as to set aside, vacate sentence and to appoint effective, competent counsel to aide Petitioner or to grant any other relief to which the Petitioner may be entitled.

_Latona E. Long_

I declare under penalty of perjury that the foregoing is true and correct and that this motion under 28 U.S.C. Section 2255 was placed in the prison mailing system on November 17, 2014. All statements including this statement are made to the best of my knowledge.

11-17-14
executed date

_Latona E Long_



BIRMINGHAM AL 350

18 NOV 2014 PM 3 L

NOV 21 2014

⇔46020-177⇔
Latona Long
Aliceville FCI
PO BOX 4000
Aliceville, AL 35442
United States

⇔46020-177⇔
United States Court House
Earle Cabell Fdrl Bldg
1100 Commerce ST
Room 1452
Dallas, TX 75242
United States

7E24213 052